Wanamaker, J.
The courts below base their decision upon Section 6212-20, General Code, which reads as follows:
“A petition in error shall not be filed in any court to reverse a conviction for a violation of this act [G. C. 6212-13 to 6212-20], or to reverse a judgment affirming such conviction, except after leave granted by the reviewing court. Such leave shall not be granted except for good cause shown at a hearing of which counsel for the complainant of the original case shall have had actual and reasonable notice. *537 Such petition in error must be filed within thirty days after the judgment complained of, and the case shall be heard by such reviewing court within not more than thirty court days after filing such petition in error. When the reviewing court is not in session within the time provided for, the motion for leave to file the petition in error and the petition in error may be filed with, and heard by, such reviewing court within ten days after it is in session.”
We agree that the language of the statute is clear, and therefore permits no construction. It is as mandatory as language can make it as to the thirty-day limitation, but it is likewise clear that the thirty-day limitation applies only to the hearing, because the language is “and the case shall be heard by such reviewing court within not more than thirty court days after filing such petition in error.”
It is to be presumed that the general assembly used that language advisedly, and therefore did not include in the statute “a determination upon the petition in error and the record.” Hence it is quite clear that there was nothing in the statute to prevent the common pleas court from determining the case after the thirty days. If the statute had intended otherwise, presumably it would have read otherwise, as “and the case shall be heard and determined by such reviewing court.”
The court was not warranted in sustaining the motion to dismiss the case, jurisdiction having duly attached. If the statute was a valid enactment, the statute did not in terms deprive the court of jurisdiction to determine whether or not prejudicial error had been committed.
*538 We come now to the major question directly involved under the statute, whether or not under our constitution the legislative branch of the government had any right to limit the judicial branch of the government in respect to its hearing and determination of the various actions and proceedings within the court’s jurisdiction.
True, the general subject-matter of procedure by the parties to the cause, prescribing the manner of invoking the jurisdiction, the pleadings, and the time within which the jurisdiction shall be invoked, in short, the adjective law of a case, has always been regarded within the proper province of legislative action, yet the legislative branch of the government is without constitutional authority to limit the judicial branch of the government in respect to when it shall hear or determine any cause of action 'within its lawful jurisdiction.
Whether or not justice is administered without “denial or delay” is a matter for which the judges are answerable to the people, and not to the general assembly of Ohio. Manifestly, when a case can be heard and determined by a court must necessarily depend very largely upon the court docket, the quantity of business submitted to the court, the nature, the importance, and the difficulties attending the just and legal solution of matters involved. It would be obviously unfair to the court, as well as unfair to other parties likewise interested in the early and expeditious determination of their causes, to require a court to suspend or delay equally important matters theretofore submitted to the court for its consideration and determination in order to give preference to the hearing and determination of some par *539 ticular case or character of cases. At least that is a matter that should he most properly and wisely left to the sound discretion of the court.
We hold, therefore, that a provision of law mandatory in its terms, intention, and character, requiring the court in the exercise of a jurisdiction duly conferred upon it to hear or determine a cause within thirty days from the time within which it is filed in court, or submitted to the court, is an unreasonable and unconstitutional invasion of judicial power, and therefore void. The general principle is sustained in City of Zanesville v. Zanesville Telegraph & Telephone Co., 64 Ohio St., 67, and Incorporated Village of Fairview v. Giffee, 73 Ohio St., 183.
As to matters properly within the jurisdiction of the court the general assembly, under our present Ohio constitution, has full power to declare and define that jurisdiction so far as not declared and defined by the constitution. The constitution expressly vests in the general assembly power to fix and determine the jurisdiction of the court of common pleas and other inferior courts.
But, as to the jurisdiction of the court of appeals and the supreme court, which courts are included within the general terms of above section of the Crabbe Act (Sections 6212-13 to 6212-20, General Code), the general assembly is without constitutional power to in any wise enlarge, limit, or otherwise affect the jurisdiction of these two courts. Cincinnati Polyclinic v. Balch, 92 Ohio St., 415, and Wagner v. Armstrong, 93 Ohio St., 443.
We hold, therefore, that the latter part of the statute applying to the hearing upon the petition in error, reading “by such reviewing court within not *540 more than thirty court days after filing such petition in error,” is plainly an invasion of the jurisdiction fixed by the constitution, and that so much of the statute as provides therefor is null and void.
The judgment of the court of appeals and the judgment of the court of common pleas are reversed, and this case is remanded to the court of common pleas for a hearing and determination and such other proceedings as are authorized by law.

Judgment reversed.

Johnson, Hough, Robinson and Matthias, JJ., concur.